IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ALLAN LIGHT § | |
| § | |
| Plaintiff, § | |
| § | |
| § | |
| v. § | Civil Action No. |
| § | 3:12-CV-1102- |
| § | |
| DOLGENCORP, LLC d/b/a § | |
| DOLLAR GENERAL § | |
| § | |
| Defendant. § | |

(Stamp: RECEIVED 2012 DEC 21 A 10:54, DEBRA P. HACKETT CLK, U.S. DISTRICT COURT, MIDDLE DISTRICT ALA.)

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332, Defendant, Dolgencorp, LLC ("Defendant"), files this Notice of Removal from the Circuit Court of Russell County, Alabama, to the United States District Court for the Middle District of Alabama, Eastern Division. The grounds for removal are as follows:

1. **State Court Action.** Plaintiff, Allan Light (hereinafter "Plaintiff"), commenced this action by filing a Complaint on November 16, 2012 in the Circuit Court of Russell County, Alabama for recovery of overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), quantum meruit, and breach of contract. The case was docketed as Case No. CV-2012-900288 and styled *Allan Light v. Dolgencorp, LLC d/b/a Dollar General.*

2. **Federal Question.** This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's Amended Complaint raises a federal question under the FLSA. As such, removal of the action to this Court is appropriate pursuant to 28 U.S.C. § 1441(a).

3. **Supplemental Jurisdiction.** This Court has supplemental jurisdiction over Plaintiff's claims for breach of contract and quantum meruit because these claims are so related to Plaintiff's federal claim that it is part of the same case or controversy under Article III of the U.S. Constitution. 28 U.S.C. § 1367.

NOTICE OF REMOVAL – PAGE 1

4.  **Timeliness of Petition.** On November 21, 2012, Defendant was first served a copy of the Summons and Complaint by certified mail to Defendant's registered agent. (*See* Notice of Service, included with **Exhibit A**). Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days of receipt of the Complaint.

5.  **Venue.** Venue is proper in this district pursuant to 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

6.  **Notice.** Concurrent with the filing of this notice, Defendant is serving this notice upon Plaintiff's counsel and filing a copy of the notice with the Clerk of Court for the Circuit Court of Russell County, Alabama.

7.  **State Court Documents Attached.** True and correct copies of all pleadings, process, orders, and other filings in the state-court suit are attached hereto as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

**WHEREFORE,** Defendant Dolgencorp, LLC, respectfully requests that this Court assume full jurisdiction over this action.

Respectfully submitted,

_____
Joshua J. Jackson (JAC072)
jackson@samfordlaw.com

**Samford & Denson, LLP**
P.O. Box 2345
Opelika, AL 36803-2345
Telephone: 334.745.3504
Facsimile: 334.749.2871

Joel S. Allen, Texas Bar No. 00795069
(*Pro hac vice* forthcoming)
joel.allen@morganlewis.com
Micala R. Bernardo, Texas Bar No. 24061108
(*Pro hac vice* forthcoming)
mbernardo@morganlewis.com

**MORGAN, LEWIS & BOCKIUS LLP**
1717 Main Street
Suite 3200
Dallas, TX 75201-7347
Telephone:    214.466.4000
Facsimile:     214.466.4001

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above was served on all counsel of record, via certified mail, return receipt requested, on this 21st day of December, 2012:

Richard M. Kemmer, III
MEACHEM & EARLEY, P.C.
1912 Opelika Road
Phenix City, AL 36867

_____
Joshua J. Jackson