

IN THE CIRCUIT COURT OF RUSSELL COUNTY

STATE OF ALABAMA

| | |
|---|---|
| ALLAN LIGHT, | ) |
| | ) |
| Plaintiff, | )   CASE NO: CV-2012-_____ |
| | ) |
| v. | ) |
| | ) |
| DOLGENCORP, LLC, d/b/a | ) |
| DOLLAR GENERAL, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW, the Plaintiff, ALLAN LIGHT (hereafter "Plaintiff"), and files this his Complaint against DOLGENCORP, LLC, d/b/a DOLLAR GENERAL (hereinafter "Defendant") and shows unto the Court the following for the relief hereinafter prayed:

1. The Plaintiff was an employee of Defendant from April 2008 through May 2012, and brings this action for unpaid overtime compensation, declaratory relief and other relief under the Fair Labor Standards Act, as amended 29 U.S.C. § 201, et seq., (hereafter "FLSA"). Plaintiff was employed as a "Store General Manager" from November 2010 through May 2012, but primarily performed non-managerial duties for the Defendant in Macon County, Alabama and Russell County, Alabama.

2. Defendant is a Foreign Limited Liability Company incorporated under the laws of the State of Kentucky, with its principal business address located at 100 Mission Road, Goodlettsville, Tennessee 37072. Defendant may be served with Process of these proceedings via its Registered Agent, to-wit: CSC Lawyers Incorporating Service, Inc., 150 S. Perry Street, Montgomery, Alabama 36104.

3. At all times relevant to this cause Plaintiff worked for Defendant out of its Tuskegee, Alabama location and its Ft. Mitchell, Alabama location. Therefore, Defendant is within the jurisdiction of this Court.

4. This Honorable Court has jurisdiction over Plaintiff's claims and is the proper venue by virtue of Defendant operating its business located in Ft. Mitchell, Russell County, Alabama.

5. This action is brought pursuant to the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

6. Based upon information and belief, at all material times relevant to this action Defendant was an enterprise covered by the FLSA as defined by 29 U.S.C.§§ 203 (r) and 203 (s) and that Defendant had an annual business dollar volume of at least $500,000.00.

7. Defendant is engaged in interstate commerce and was so engaged during Plaintiff's employment with Defendant.

8. Defendant has two or more employees of the Enterprise individually engaged in commerce or who otherwise individually meet the traditional test of individual coverage.

9. Plaintiff was individually covered by the FLSA.

10. At all times relevant to this action, Defendant gave Plaintiff the title of "Store General Manger" although Plaintiff primarily performed non-managerial duties in this role. Defendant failed to comply with 29 U.S.C §§ 201 – 209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

11. For all hours worked by Plaintiff, Defendant compensated Plaintiff for only forty (40) hours during the work week, regardless of whether Plaintiff had worked in excess of forty

hours. While an employee of the Defendant, Plaintiff routinely worked between sixty (60) to ninety (90) hours per work week for the Defendant. Plaintiff worked an average of 80 hours per week while employed by Defendant as the "Store General Manager."

12. Plaintiff labored for the Defendant under a traditional employer/employee relationship.

13. Defendant failed to compensate Plaintiff at a rate of 1 and 1/2 times the regular rate of pay for hours worked in excess of forty (40) hours during one or more work weeks since November of 2010.

14. Plaintiff was economically dependant upon Defendant, as he had no opportunity for profit or loss through the employment relationship and he made no financial investments in the business.

15. Upon information and belief, the records – to the extent that such records exist – concerning the numbers of hours worked and amounts paid to Plaintiff are in the possession, custody, or control of Defendant.

16. The burden of proof regarding the precise number of hours worked by Plaintiff belongs to Defendant.

17. During Plaintiff's employment with Defendant, he earned and was assured of performance-based bonuses. Before the termination of Plaintiff's employment with Defendant, he earned both a $650.00 performance bonus and an approximate $3,000.00 inventory bonus. Plaintiff had also accumulated eighty (80) hours of vacation time prior to his termination. Defendant has willfully failed and refused to compensate the Plaintiff for his earned performance bonuses and unused vacation time.

## COUNT I

### RECOVERY OF OVERTIME COMPENSATION PURSUANT TO FLSA

18. The Plaintiff reasserts and incorporates by reference all allegations contained within the above paragraphs.

19. During his employment with Defendant, Plaintiff regularly worked overtime hours but was not paid time and one half compensation for same.

20. Defendant failed to compensate Plaintiff at one and one half times his regular rate of pay for overtime hours that he worked in violation of the FLSA.

21. Upon information and belief, Defendant's failure to properly compensate Plaintiff for his overtime hours worked was reckless, as Defendant did not act in good faith or reliance upon any of the following in formulating its paid practices: (a) case law, (b) the FLSA 29 U.S.C. § 201, et seq., (c) Department of Labor Wage and Hour Opinion Letters, or (d) the Code of Federal Regulations.

22. Defendant knew or exhibited reckless disregard as to whether their conduct was prohibited by the FLSA.

23. Defendant's violation of the FLSA was willful, as any honest evaluation of the employer/employee relationship would clearly reflect that Plaintiff was not an exempt employee.

## COUNT II

### QUANTUM MERUIT

24. Plaintiff reasserts and incorporates by reference all allegations contained within the above paragraphs.

25.     During the term of Plaintiff's employment with Defendant, Plaintiff rendered work, labor and services to Defendant, at the request and on behalf of Defendant, for which Defendant is obligated to pay Plaintiff the reasonable value of his services.

26.     At all times herein mentioned, the reasonable value of the above services performed by Plaintiff $18.68 per hour for each and every hour of labor performed in a forty (40) hour week.

27.     At all times herein mentioned, the reasonable value for the above services performed by Plaintiff is $28.02 per hour for each and every hour of labor performed in excess of forty (40) hours per week.

28.     Defendant has refused to pay Plaintiff the reasonable value of his services for work performed in excess of forty (40) hours per week.

## COUNT III

### BREACH OF CONTRACT

29.     Plaintiff reasserts and incorporates by reference all allegations contained within the above paragraphs.

30.     During Plaintiff's employment with Defendant, he earned and was assured of performance-based bonuses. Before the termination of Plaintiff's employment with Defendant, he earned both a $650.00 performance bonus and an approximate $3,000.00 inventory bonus.

31.     Plaintiff had also accumulated eighty (80) hours of vacation time prior to his termination.

32.     Defendant has willfully failed and refused to compensate the Plaintiff for his earned performance bonuses and unused vacation time, despite repeated requests of the Plaintiff.

## *DAMAGES AND REQUESTED RELIEF*

33. As a result of Defendant's intentional, willful, and/or reckless failure to lawfully compensate Plaintiff for overtime hours that he worked, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

34. As a result of Defendant's intentional, willful, and/or reckless violation(s) of the FLSA, Plaintiff is entitled to liquidated damages from Defendant.

35. As a result of Defendant's breach of contract by refusal to pay benefits the Plaintiff earned, Plaintiff is entitled to damages from Defendant.

36. Plaintiff respectfully demands a trial by jury.

**WHEREFORE**, Plaintiffs respectfully pray unto this Honorable Court as follows:

(a) That process issue and Defendant be served according to law;

(b) That Plaintiff be awarded their overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207;

(c) That Plaintiff be awarded liquidated damages for Defendant's willful violation of the Fair Labor Standards Act and breach of contract;

(d) That Plaintiff be awarded his attorneys fees and expenses of litigation, pursuant to Fair Labor Standards Act, 29 U.S.C. § 216;

(e) That Plaintiff be awarded the reasonable value of services performed for Defendant in all work weeks during their employment with Defendant;

(f) That Plaintiff be awarded his earned bonuses and accrued vacation hours which Defendant has willfully refused to pay; and

(g) That Plaintiff be granted such other, further, and different relief this Honorable Court deems just, these premises considered.

Respectfully submitted this __16__ day of November, 2012.

MEACHAM & EARLEY, P.C.

_____
RICHARD M. KEMMER, III (KEM009)
Attorney for Plaintiff

1912 Opelika Road
Phenix City, Alabama 36867
Telephone: (334) 448-6217
Fax: (334) 448-5785

Please serve Defendants by certified mail at the following address:

CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104.

IN THE CIRCUIT COURT OF RUSSELL COUNTY

STATE OF ALABAMA

| | |
|---|---|
| ALLAN LIGHT, | ) |
| | ) |
| Plaintiff, | ) CASE NO: CV-2012-_____ |
| | ) |
| v. | ) |
| | ) |
| DOLGENCORP, LLC, d/b/a | ) |
| DOLLAR GENERAL, | ) |
| | ) |
| Defendant. | ) |

## VERIFICATION

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| RUSSELL COUNTY | ) |

Before me, the undersigned authority, personally appeared ALLAN LIGHT, being known to me and being by me first duly sworn, deposes and says that he is the Plaintiff in the foregoing cause and that the facts alleged therein are true and correct to the best of her knowledge, information and belief.

_____
Allan Light, Plaintiff

Before me, the undersigned Notary Public for the State of Georgia personally appeared ALLAN LIGHT, who first being duly sworn says that the foregoing is true and correct.

SWORN TO AND SUBSCRIBED before me this 16th day of November, 2012.

_____
Notary Public

My Commission Expires: 8/12/2014