IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| ALLAN LIGHT, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 3:12cv1102-MHT |
| ) | (WO) |
| DOLGENCORP, LLC, ) | |
| ) | |
|     Defendant. ) | |

OPINION

In this lawsuit brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 et seq., the court has before it the parties' joint motion for approval of settlement agreement. The court also has before it the settlement agreement and full and final general release of all claims signed by all parties.

Plaintiff Allan Light filed his complaint against defendant Dolgencorp, LLC in federal court, asserting that the company had failed to pay him overtime owed under the FLSA. Jurisdiction is proper pursuant to 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (federal question).

Later, the parties filed the pending motion for approval of the settlement agreement. The court then held a hearing to discuss this motion and address the settlement agreement. At this hearing, the parties' counsel represented that the agreement was fair and reasonable. Further, Light stated that he was satisfied with the agreement. However, the court stated its concern with the confidentiality provision of the agreement, which would prevent Light from disclosing the terms and existence of the settlement unless required under law. Since that hearing, the court has reviewed the settlement agreement and has additional concerns regarding the provision of the agreement releasing Light from other legal claims.

When an employee brings a private action under the FLSA and presents a proposed settlement agreement to the district court, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Lynn's FoodStores, Inc. v. United States Dept.

2

Of Labor, 679 F.2d 1350, 1353 (11th Cir. 1982).  Having reviewed the agreement, the court finds that the parties have reached an agreement based on a negotiated, good-faith compromise of a bona-fide dispute over application of relevant provisions of the FLSA and of back wages owed under the FLSA based on the assertion that Light was not properly compensated for overtime worked.  Furthermore, the court finds, with two exceptions, that the agreement reflects a fair and reasonable resolution of the dispute between the parties.

The court will only grant approval of the agreement with two modifications.  First, the court rejects the settlement agreement's confidentiality provision that prevents Light from disclosing the existence and terms of the settlement agreement, including the amount of the settlement.  See Hogan v. Allstate Beverage Co., Inc., 821 F. Supp. 2d 1274, 1283-4 (M.D. Ala. 2011) (Thompson, J.) (finding that confidentiality provisions unequally benefit the employer and frustrate FLSA goals); Dees v.

Hydradry, Inc., 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010) (Merryday, J.); see also Elizabeth Wilkins, Silent Workers, Disappearing Rights: Confidential Settlements and the Fair Labor Standards Act, 34 Berkeley J. Emp. & Lab. L. 109, 113 (2013) ("Congress's intent to protect both the public's interest in a well-functioning economy and the vulnerable worker subject to unequal bargaining dynamics militates against secret settlements.").

Second, the court rejects the agreement's provision requiring Light to release all claims against Dolgencorp beyond the FLSA claims raised in this matter. The provision requires release of claims under Title VII of the Civil Rights Act, as amended, 42 U.S.C. §§ 1981a, 2000e et al., the Americans with Disabilities Act, as amended, 42 U.S.C. § 12111 et al., and the Family and Medical Leave Act, as amended, 29 U.S.C.A. § 2601 et al., amongst others. The court finds this pervasive waiver overbroad and unfair. "An employer is not entitled to use an FLSA claim (a matter arising from the employer's

failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA." Hogan, 821 F. Supp. 2d 1284 (quoting Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010) (Merryday, J.)). Such provisions take advantage of workers seeking to recover backpay who may be willing to waive unknown claims in order to access withheld wages as soon as possible. Id.

    With the understanding that the proposed settlement incorporates the modifications discussed above, the court will approve the proposed settlement, and an appropriate judgment will be entered to that effect.  Of course, if the parties do not agree modifications. they can ask within the time allowed by law that the judgment be set aside.

    DONE, this the 14th day of February, 2014.

                                     /s/ Myron H. Thompson
                                   UNITED STATES DISTRICT JUDGE